UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
RONALD E. BRACE,

                                    Plaintiff,

            -v.-                                                    1:07-CV-1028
                                                                   (GLS)(RFT)

LLOYD W. KING; LILY TRANSPORTATION
CORPORATION,

                                    Defendants.
-------------------------------------------------------------------------
APPEARANCES:

RONALD E. BRACE
Plaintiff, *pro se*
1020806

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

        The Clerk has sent to the Court a *pro se* Complaint filed by Ronald Brace ("Plaintiff"

or "Brace") pursuant to Title VII of the Civil Rights Act of 1964,[1] together with an

application to proceed *in forma pauperis* and a Motion for Appointment of Counsel.

**I.    Complaint**.

        In his *pro se* Complaint, Plaintiff alleges that his employer terminated his

employment, and retaliated against him, because Plaintiff opposed his supervisor's sexual

harassment of another employee.  Dkt. No. 1.  Plaintiff annexed a Right to Sue Letter to

his Complaint that is dated July 2, 2007.  *Id.*  For a more complete statement of Plaintiff's

claims, reference is made to the entire Complaint.

        The Court notes that Plaintiff names both his supervisor, and the corporation they

both worked for, as Defendants in this action.  Plaintiff is advised that in the Second

_____

        [1]42 U.S.C. § 2000e *et seq.*

Circuit, "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Bembry v. Darrow*, 97 F.Supp.2d at 285 (N.D.N.Y. 2000) (Munson, S.J.), *aff'd* 2001 WL 290486 (2d Cir. 2001) quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).   Thus, while it is proper for Plaintiff to set forth the factual allegations giving rise to his claim, including the persons committing the acts complained of, Plaintiff only need name his employer as the Defendant in this action.   Accordingly, Defendant King will be terminated as a Defendant in this action.

## II.   Application to Proceed *in forma pauperis.*

After reviewing Plaintiff's *in forma pauperis* application, the Court finds that the Plaintiff may properly proceed with this matter *in forma pauperis*.   However, Plaintiff failed to submit an inmate authorization form.   Therefore, the Court will Order that Plaintiff either prepay the $350.00 filing fee in full, or provide the Clerk with a signed authorization form.

## III.   Case Management.

Although Brace is now incarcerated, Brace' complaint has nothing to do with prison conditions.   For purposes of judicial economy, the present case will therefore be treated by this Court as a non-prisoner matter[2] and will be governed by Local Rules 40.1, 72.2(a) and (d)(5), and 72.3(a) which authorize magistrate judges to manage civil cases by conducting conferences, entering scheduling orders, controlling discovery, and resolving non-dispositive motions.

---

[2] Local Rule 72.3 states that "[p]roceedings commenced by a prisoner shall unless otherwise ordered by the court, be referred to a magistrate for the purpose of reviewing applications, petitions, and motions in accordance with these Rules and 28 U.S.C. § 636.

Because of Plaintiff's incarceration, the Court will not schedule an in person conference. Instead, the Court directs that the Clerk transmit to the U.S. Marshals, together with the Summons, Complaint and copy of this Order, a copy of a Civil Case Management Plan for service upon the named Defendant. The Clerk shall also transmit a copy of a Civil Case Management Plan to Plaintiff by regular mail. The parties are directed to separately complete the plan, serve a copy on their adversary by mail, and file the original with the Clerk within **sixty (60) days** of the date that the Defendant files an Answer in this matter. In addition to those areas specifically addressed in the Plan, the parties should address, to the extent to which they apply, those subjects recited in Local Rule 16.1(d). Additionally, the parties should specifically address the authorized discovery they will seek, and how they intend to engage in such discovery. After receipt of the Plans, the Court will issue a Uniform Pretrial Scheduling Order.

## IV.   Appointment of Counsel.

Turning to Plaintiff's request for counsel, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y.

Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir.

1989)).  Indigents do not have to demonstrate that they can win their cases without the aid

of counsel; they do have to show likely merit.  *Id.*

 This action was only recently commenced.  The Defendant has not yet been served

and responded to the allegations contained in Plaintiff's Complaint, and the only facts upon

which this Court may base its decision as to whether this lawsuit is of substance are those

portions of Plaintiff's Complaint wherein he states the facts surrounding his claim.

 In light of the foregoing, the Court denies Plaintiff's Motion for Appointment of

Counsel **without prejudice**.  After the Defendants have responded to the allegations in

Plaintiff's Complaint, he may choose to file a new Motion for Appointment of Counsel, at

which time the Court might be better able to determine whether such appointment is

warranted in this lawsuit.  Plaintiff is advised that any future Motion for Appointment of

Counsel must be accompanied by **<u>documentation</u>** that substantiates Plaintiff's efforts to

obtain counsel from the public and private sector.

 WHEREFORE, it is hereby

 ORDERED, that the Clerk of the Court t dismiss Lloyd W. King as a Defendant in

this action, and it is further

 ORDERED, that Plaintiff either prepay the $350.00 filing fee in full, or provide the

Clerk with a signed authorization form, **<u>within thirty (30) days</u>** from the date of the filing of

this Order, and it is further

 ORDERED, that if Plaintiff fails to either prepay the $350.00 filing fee in full, or

provide the Clerk with a signed authorization form within the time period specified above,

4

this action be dismissed without further Order of this Court, and it is further

ORDERED, that upon Plaintiff's payment of the filing fee or filing of a completed authorization form, the Clerk shall issue a summons and forward it, along with a copy of this Order, the Complaint, and a packet containing General Order 25, including a copy of the Proposed Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the named Defendant, and it is further

ORDERED, that upon Plaintiff's filing of an inmate authorization form, the Clerk shall provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office, New York, and it is further

ORDERED, that a formal response to Plaintiff's complaint be filed by the Defendant or its counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the Defendant, and it is further

ORDERED, that the *pro se* Plaintiff, Phillip Brace and the Defendant, subsequent to service shall:

(1) Independently and without the necessity of consultation, complete the Plan, including information, as pertinent, concerning the subjects recited in Local Rule 16.1(d), and including the authorized discovery they will seek under the Federal Rules of Civil Procedure and how they intend to engage in such discovery; and,

(2) **SHALL SERVE A COPY OF THEIR PLAN ON THEIR**

5

**ADVERSARY BY MAIL, AND FILE THE ORIGINAL WITH THE COURT WITHIN SIXTY (60) DAYS OF THE DATE THAT THE DEFENDANT FILES AN ANSWER IN THIS MATTER;** and it is further

ORDERED, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District and will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action,** and it is further

ORDERED, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is denied without prejudice to renew at some future time for the reasons stated above. Any future Motion for Appointment of Counsel must be accompanied by documentation that substantiates Plaintiff's efforts to retain counsel on his own, and it is further

ORDERED, that the Clerk is directed to mail a copy of General Order 25 and a copy of the Proposed Civil Case Management Plan used by the Northern District of New York to Plaintiff, together with a blank inmate authorization form and a copy of this Order.

IT IS SO ORDERED.

      Dated:       November 7, 2007

Gary L. Sharpe
U.S. District Judge

7